insured and the beneficiary that the designation made in the benefit certificate should create a trust. The only evidence tending to show an express trust is contained in the testimony of Mrs. Donithen, and that is contradicted by Fred Donithen. None of the facts introduced at the trial show a resulting or constructive trust. No violation of a contract or breach of legal duty is disclosed by the testimony of the witnesses. All of the testimony bearing upon the subject of trust, except that of Mrs. Donithen, is vague and shadowy, and entirely inadequate to establish a trust.

We conclude, therefore, that there was no error on the part of the court in disposing of the case, and the decree is accordingly affirmed.

---

## O'Donnell *v.* Clements.

*Appeals—Assignment of error—Defective paper-book.*

On an appeal from a decree dismissing exceptions to the report of an auditor in partition proceedings, the case will be non prossed where the paper-book fails to set forth the names of the parties and nature of the proceedings, a short abstract of the bill or petition, and the testimony on which the auditor's findings were based, and the assignments of error do not set forth the exceptions and the rulings thereon.

Argued April 13, 1903. Appeal, No. 53, April T., 1903, by defendants, from order of C. P. Allegheny Co., dismissing exceptions to auditor's report in case of John O'Donnell and wife v. Mary Clements. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Appeal non prossed.

Motion to non pros.

The motion to non pros. was based on the following grounds :

1. The names of the parties and nature of proceedings are not printed.

2. A short abstract of the bill or petition is not printed.

3. The report of the auditor is not printed in full.

4. The assignments of error are not in accordance with rule.

5. The appendix does not contain the account upon which the proceedings are based, nor is there printed the record of the case or the testimony upon which the auditor's findings are based.

*Errors assigned* were in the following form:

1. The court erred in confirming that part of the auditor's report which allows accountants a credit of $150 for their attorney's fee for services beneficial only on accountants, and detrimental to appellant, their cestui que trust.

2. The court erred in confirming that part of the auditor's report which says as to the said $150 fee: "That the sum so charged is a reasonable amount for the services rendered is no questioned," etc.

Appellant had duly submitted to the auditor the following: "Mr. Imbrie admits a counsel fee of $150 was allowed in the settlement of the corpus. This was more than enough to cover the stating of the only account that was necessary. For an obvious reason no fees were earned or allowable in connection with the management of the fund."

3. The court erred in confirming that part of the auditor's report which provides that out of the moneys withheld from appellant there be paid "the costs of the settlement of this account in court, including costs of audit."

4. The court erred in not decreeing that appellant recover from appellees her costs, including amounts paid for taking depositions of G. J. George and others.

5. The court erred in dismissing appellant's exceptions to the auditor's report, and in confirming that part of said report to which said exceptions related, and which allowed counsel fees and costs to appellees out of the money of appellant in their hands.

*W. Macrum*, for appellant.

*A. M. Imbrie*, for appellee.

Per Curiam, April 13, 1903:
Non prossed at bar.